# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| SCOTT M. BISHOP, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 2:18-cv-54-SPM |
| RANDOLPH COUNTY, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Scott Bishop's motion for reconsideration, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the following reasons, the motion will be denied.

### Background

The factual background of this case is fully set forth in this Court's October 16, 2018 Memorandum and Order. Briefly, however, plaintiff is a prisoner who initiated this civil action on July 9, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against Randolph County, Missouri, Sheriff Mark Nichols, Deputy Sheriff Michaela Huber, the Moberly Regional Medical Center, Dr. Stephan Griffin, and Unknown Nurse. Plaintiff alleged that, on January 19, 2018, he was a passenger in his father's car, and he and his father had a verbal disagreement that led to the cancellation of plans they had together. Subsequently, plaintiff was arrested and taken to the hospital, where Dr. Griffin administered a life-threatening overdose of psychiatric medication.

On October 16, 2018, the Court dismissed the action after determining that plaintiff failed to state any actionable claims for relief against any of the named defendants. The Court's Memorandum and Order included a section titled "Missouri State Court Records" in which it

took judicial notice of plaintiff's prior state court criminal proceedings, including the case that was related to the events giving rise to plaintiff's complaint. The Court wrote:

> On May 1, 2018, a felony complaint was filed, alleging that, on January 19, 2018, plaintiff committed felony domestic assault in the third degree against D.B., a blood relative. *State v. Bishop*, No. 18RA-CR00359 (14th Jud. Cir. 2018). Defendant Huber prepared a Probable Cause Statement. Therein, Huber wrote that, on January 19, 2018, D.B. appeared in the Moberly Police Department with facial injuries sustained when plaintiff punched him repeatedly with a closed fist while the two were traveling in D.B.'s vehicle. D.B. also had a laceration to the left side of his face consistent with an ice scraper located in the vehicle. Plaintiff was taken into custody and transported to the Moberly Regional Medical Center to receive an examination. Plaintiff continuously cursed and yelled while "Dr. S.G." examined him. He then assaulted Dr. S.G. by repeatedly spitting on him.
>
> On July 18, 2018, plaintiff pleaded guilty to the felony domestic assault charge against him. He was sentenced to 90 days in jail, with credit for time served. However, due to that offense, his probation in case number 17RA-CR00967-01 was revoked, and the court ordered the previously-imposed sentence executed. It is that sentence that plaintiff is presently serving.

(Docket No. 6 at 6-7).

Subsequently, the Court noted its concern about plaintiff's apparent lack of candor regarding the events leading to his arrest, and the exaggerated and/or delusional nature of some of plaintiff's statements. The Court wrote:

> As an initial matter, the Court is concerned about plaintiff's attempt to mislead the Court by alleging he and D.B. had only a "verbal disagreement" on January 19, 2018, and his apparent attempt to lead the Court to believe that he was arrested for no reason. The Court also finds that many of plaintiff's statements are exaggerated, and at times are even delusional. *See Denton*, 504 U.S. at 32-33 (an action is factually frivolous if the facts alleged are "clearly baseless," and allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic."). Nevertheless, the Court will address plaintiff's claims against each of the named defendants.

*Id.* at 7. The Court then addressed plaintiff's allegations against each of the named defendants without further reference to these matters.

Plaintiff now moves for reconsideration pursuant to Rule 60(b). He claims the Court's order contained "numerous inaccurate citations of documented facts." In support, plaintiff argues that the Court inaccurately noted that he pleaded guilty to felony domestic assault because he actually pleaded guilty to misdemeanor domestic assault. Plaintiff also argues that he did not spit on Dr. Griffin until after Dr. Griffin administered the medication. Finally, plaintiff argues that he was prejudiced by the Court's notation that it appeared he had mischaracterized the events leading to his arrest, and he states he was only trying to show that he was cooperative towards the arresting officer.

## Discussion

Plaintiff brings the instant motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances," and allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996), *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted).

None of the grounds plaintiff offers amount to manifest errors of law or fact or newly discovered evidence, nor does plaintiff establish any exceptional circumstances warranting relief pursuant to Rule 60(b). Plaintiff does not explain, nor is it apparent, how the Court's misstatement that he ultimately pleaded guilty to the domestic assault charge as it was originally filed, or the issue of precisely when he spat on Dr. Griffin, impacted his rights or affected the outcome of the litigation. In addition, plaintiff does not challenge the Court's observation that he was indeed combative towards Dr. Griffin. In fact, medical records that plaintiff attached as exhibits to the instant motion document his violent and assaultive behavior towards Dr. Griffin

3

and medical staff when seen on January 19, 2018. Finally, regarding plaintiff's apparent lack of candor, the Court simply noted its concern and stated it would nevertheless address plaintiff's allegations against each of the defendants. The Court then did so without further reference to the matter. Having reviewed the merits of the instant motion, the Court concludes that plaintiff fails to point to any manifest errors of law or fact or any newly discovered evidence, and he also fails to demonstrate the existence of exceptional circumstances warranting relief. The motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Docket No. 9) is **DENIED.**

Dated this 3rd day of January, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE